12-963
Vucaj v. Holder

BIA
Hom, IJ
A099 589 984

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of February, two thousand fourteen.

PRESENT:
> JOHN M. WALKER, JR.,
> RAYMOND J. LOHIER, JR.,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

PASHKO VUCAJ,
> *Petitioner,*

v.                                          12-963
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Charles Christophe, New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Principal Deputy Assistant Attorney General; Shelley R. Goad, Assistant Director; Laura Halliday Hickein, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Pashko Vucaj, a native and citizen of Albania, seeks review of a February 13, 2012 decision of the BIA which affirmed the March 30, 2010 decision of an immigration Judge denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Pashko Vucaj*, No. A099 589 984 (B.I.A. Feb. 13, 2012), *aff'g* No. A099 589 984 (Immig. Ct. N.Y. City Mar. 30, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Here, we presume Vucaj's testimony to be credible. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); 8 U.S.C. § 1158(b)(1)(B)(iii).

2

To establish asylum and withholding of removal eligibility, an applicant must show that he has suffered past persecution, or has a well-founded fear or likelihood of future persecution, and "that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant."  8 U.S.C. § 1158(b)(1)(B)(i); 8 U.S.C. § 1231(b)(3)(A); 8 U.S.C. § 1101(a)(42); *see also Matter of C-T-L-*, 25 I. & N. Dec. 341, 343 (BIA 2010).  If the applicant is found to have suffered past persecution, it is presumed that he has a well-founded fear of future persecution on the basis of the original claim.  8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1).  The agency did not err in finding that Vucaj failed to demonstrate a nexus between the harm he suffered and a protected ground, and that he failed to establish a well-founded fear and likelihood of persecution.

To establish persecution based on political opinion, the "applicant must [] show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005).

3

Here, the agency was not compelled to find that Vucaj established such a nexus, as he offered only conclusory testimony that the Albanian police's search of his home for weapons was a pretext and that their real motive was his political opinion, particularly given his inconsistent testimony as to whether the police targeted him for being critical of the Democratic Party or for opposing the Socialist Party. *See* 8 U.S.C. § 1158(b)(1)(B)(i); 8 U.S.C. § 1231(b)(3)(A); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 481-83 & n.1 (1992).

Similarly, the agency did not err in finding that Vucaj failed to establish that he suffered harm on account of his membership in a particular social group. In order to demonstrate persecution based on membership in a particular social group, an alien must establish both that the group itself was cognizable, *see Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007), and that the alleged persecutor(s) targeted the alien "on account of" his membership in that group, *see* 8 U.S.C. § 1101(a)(42). For a group to be cognizable, it must (1) exhibit a shared characteristic that is socially visible to others in the community, and (2) be defined with sufficient particularity. *See Ucelo-*

4

*Gomez*, 509 F.3d at 73. As the agency found, Vucaj's particular social group was not cognizable. *See id*. Accordingly, because Vucaj failed to demonstrate past persecution on account of a protected ground, he was not entitled to a presumption of a well-founded fear or likelihood of future persecution on account of a protected ground. *See* 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1).

Absent past persecution, an alien may establish eligibility for asylum by demonstrating an independent well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.13(b)(2). To establish a well-founded fear of persecution, an applicant must show that he subjectively fears persecution and that this fear is objectively reasonable, *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004), or "that there is a pattern or practice in his or her country of nationality . . . of persecution of a group of persons similarly situated to the applicant," 8 C.F.R. § 1208.13(b)(2)(iii)(A).

Here, the agency did not err in finding that Vucaj failed to demonstrate a well-founded fear of persecution given that he has not been a member of the Democratic Party

5

since 2000 and that authorities have not expressed interest in him for ten years. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (stating that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best"). Furthermore, Vucaj did not establish a pattern or practice of persecution of similarly situated individuals, given that the country conditions evidence did not indicate that Albanian authorities are interested in former Democratic Party members. *See* 8 C.F.R. § 1208.13(b)(2)(iii)(A); *In re A-M-*, 23 I. & N. Dec. 737, 741 (BIA 2005). Because Vucaj did not meet his burden of showing that he had a well-founded fear on account of any protected ground, he was not eligible for asylum or withholding of removal. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A), 1231(b)(3)(A); *see also Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

Finally, the agency did not err in finding that Vucaj failed to establish his eligibility for CAT relief because there is no evidence that the police interfere with or fail to protect former Democratic Party members, and the evidence shows that the Albanian government is active in curbing violence due to blood feuds. *See Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004) (requiring that "government

6

officials know of or remain willfully blind to [torture] and thereafter breach their legal responsibility to prevent it").

For the foregoing reasons, the petition for review is DENIED.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk